Jason S. Angell, Bar No. 221607
jangell@hopkinscarley.com
Christopher A. Hohn, Bar No. 271759
chohn@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:     (408) 286-9800
Facsimile:      (408) 998-4790

Attorneys for Requestor
BROADCOM CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 3DFX INTERACTIVE, INC.,<br><br>           Plaintiff,<br><br>    v.<br><br>NVIDIA CORP.,<br><br>           Defendant. | CASE NO.  98-cv-03627 MHP<br><br>**BROADCOM CORPORATION'S REQUEST FOR APPLICATION OF CIVIL LOCAL RULES TO PROVIDE ACCESS TO RECORDS PREVIOUSLY UNDER SEAL** |

Requestor Broadcom Corporation ("Requestor") respectfully requests an order from the Court confirming that, pursuant to Civil Local Rule 79-5(e) (2001), all previously "under seal" filings made in the above-captioned case are "open to public inspection without further action by the Court."  Civ. L.R. 79-5(e) (2001).

This case was initiated by plaintiff 3DFX Interactive Inc. on September 21, 1998.  Hohn Decl., ¶ 3, Ex. A (Docket Report), at p. 1.  During the pendency of this case, the parties filed various materials under seal.  *See*, *e.g.*, Hohn Decl., Ex. A, at Dkt. Nos. 102, 103, 104.  On January 5, 2001, then-Chief Judge Patel entered a stipulated order "dismissing this case with

///

///

1  prejudice, pursuant to the parties' settlement agreement." Hohn Decl., Ex. A, at Dkt. No. 143.

2  The docket indicates that this case was "terminated" on January 5, 2001. Hohn Decl., Ex. A, at

3  p. 1.

4        Civil L.R. 79-5(e), which took effect on January 1, 2001 provides, in pertinent part, as

5  follows:

> Once a case is closed, any document, paper or thing filed under seal in a case **shall be open to public inspection without further action by the Court** 10 years from the date the case is transmitted to the National Archives and Records Administration or other Court-designated depository. However, a party that submitted documents, papers or other things which the Court placed under seal in a case may, upon showing good cause at the conclusion of the case, seek an order which would continue to seal until a specific date beyond the 10 years provided by this rule.

Hohn Decl., ¶ 4, Ex. B (Civ. L.R.) (emphasis added).[1] The docket does not reflect that any party

"at the conclusion of the case [in 2001], [sought] an order which would continue to seal until a

specific date beyond the 10 years provided by this rule." *See*, *generally*, Hohn Decl., Ex. A.

      Records available through PACER indicate that the Court transferred the case file to the

National Archives and Records Administration's Federal Records Center in San Bruno,

California on March 9, 2006. Hohn Decl., ¶ 5, Ex. C. Therefore, "any document, paper or thing

filed under seal in [this] case shall be open to public inspection without further action by the

Court" as of March 9, 2016. *See* Civ. L.R. 79-5(e) (2001).

      In telephone calls with this Court's Clerk's Office between May 14 and May 29, 2019,

and in an in-person discussion with the Clerk's Office on May 31, 2019, the Clerk's Office has

confirmed that it has within its files materials that were placed under seal in this case. However,

the Clerk's Office has declined to make those materials available for inspection "without a court

///

---

[1] Civil L.R. 1-3 (2001) states that: "These rules take effect on January 1, 2001. They govern civil cases filed on or after that date. For actions pending on January 1, 2001, if fewer than ten days remain to perform an act otherwise governed by these rules, the provisions of the local rules that were in effect on December 31, 2000, shall apply to that act." Hohn Decl., Ex. B. The above-captioned case was "pending on January 1, 2001" when the 2001 revisions to the Civil Local Rules took effect. There was no "act" relevant to this request for which there was "fewer than ten days remain[ing] to perform [the] act" as of the January 1, 2001 effective date. Thus, the 2001 revisions to the Civil Local Rules govern this request.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

898\3275922.3     - 2 -
BROADCOM CORPORATION'S REQUEST FOR APPLICATION OF CIVIL LOCAL RULES TO PROVIDE ACCESS TO RECORDS PREVIOUSLLY UNDER SEAL     98-CV-03627 MHP

order." Hohn Decl., ¶¶ 6-7. Requestor thus respectfully believes that there may be a misunderstanding within the Clerk's Office about the Court's Local Rules, or that the Clerk's Office was exercising an excess of caution in declining access pending guidance from the Court.

Accordingly, although Requestor understands Civil L.R. 79-5(e) (2001) to provide that under seal filings in this case should, by self-executing operation of the rule, "be open to public inspection without further action by the Court," Requestor respectfully submits this request for an order confirming that any previously under seal filings in this case are open to the public.[2]

Requestor's request for access is based on its understanding that access to the case records is required by Local Rule. Requestor has not discussed this request with any party to this action, because Requestor understands the issue presented in this request to be one primarily between the Court and the Clerk's Office.

While Civil L.R. 79-5(e) expressly requires the case records to be made available to the public at this point in time, Requestor also briefly notes that the public's presumed right of access also requires that these records be made available for public inspection. Today, in light of the approximately two decades that have elapsed since the case was dismissed, no records in this case can meet the "compelling reasons" or "good cause" standards necessary to keep filings in this case under seal. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). However, in view of the clear mandate of the

///
///
///
///

---

[2] The current version of the Civil Local Rule 79-5 is, in relevant part, similar to the 2001 version, and differs only in stating that under seal records will be made available, ten years after a case is "closed," upon a "request" for the records. Civ. L.R. 79-5(g) ("Any document filed under seal in a civil case shall, upon request, be open to public inspection without further action by the Court 10 years from the date the case is closed."). Within the meaning of the current rule, Requestor has made a "request" for the records to the Clerk's Office, which has been declined. Requestor therefore has styled this paper as a "request," notwithstanding that "further action by the Court" is not required under either version of Civ. L.R. 79-5 discussed above.

898\3275922.3 - 3 -
BROADCOM CORPORATION'S REQUEST FOR APPLICATION OF CIVIL LOCAL RULES TO PROVIDE ACCESS TO RECORDS PREVIOUSLLY UNDER SEAL
98-CV-03627 MHP

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

1  Local Rules, Requestor does not view it as presently appropriate to burden the Court with these
2  additional and independent reasons as to why the circumstances require that the public have
3  access to the case records here.

4  Dated: June 3, 2019                              HOPKINS & CARLEY
                                                    A Law Corporation
5

6

7                                                   By:    */s/ Jason S. Angell*
                                                        Jason S. Angell
                                                        Attorneys for Requestor
8                                                       BROADCOM CORPORATION